**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : CA 08-0737-KD |
| vs. | : CR 07-0047-KD-C |
| **LEON CORNELIUS WOODS** | : |

**REPORT AND RECOMMENDATION**

This action was referred by the Clerk of Court pursuant to 28 U.S.C. § 636(b)(3)[1] and is now before the undersigned on Mr. Leon Cornelius Woods' Motion for Certificate of Appealability (Doc. 500). Based upon a thorough review of this motion and all other pertinent pleadings in this case, it is recommended that Petitioner's request for a certificate of appealability ("COA") be **DENIED.**

**I.    Background.**

On August 16, 2007, a jury found Petitioner Woods guilty of

---

[1] Since this recommendation is made after a referral pursuant to 28 U.S.C. § 636(b)(3), the claimant does not have an opportunity to file objections. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) ("Section 636(b)(3) does not provide a party with ten days to file written objections with the district court."). The Clerk is therefore directed to refer this matter to the District Judge for his consideration without the necessity of a waiting period.

conspiracy to possess with intent to distribute "crack cocaine," a violation of 21 U.S.C. § 846, and of (actual) possession of the aforementioned substance, a violation of 21 U.S.C. § 841(a)(1).  (Docs. 234, 234-2)  In regards to the conspiracy charge, the jury also found that the amount of crack cocaine attributable to Woods exceeded 5 grams, but was less than 50.  (*Id.*)

Pursuant to Rule 32, Federal Rules of Criminal Procedure, a sentencing hearing was scheduled for December 20, 2007 (Doc. 365).  Prior to the hearing, a Presentence Investigation Report was prepared and provided to counsel on October 26, 2007 (Doc. 234).  Woods and his attorney were given an opportunity to review the Report and file objections.  Appointed counsel Ms. Jan Jones filed objections (Doc. 355) on Woods' behalf on November 16, 2007, opposing the findings by the Probation Officer that Woods should be held responsible for at least 1.5 kilograms of cocaine base and that his offense level should be calculated as a 38.  In addition, Ms. Jones asked Judge DuBose to grant a variance pursuant to 18 U.S.C. § 3553(a-e) based on her client's age, troubled childhood, and emotional and mental health.

As provided in Rule 32(i)(2), Judge DuBose took testimony for the purpose of determining the amount of cocaine involved in the conspiracy for which the defendant could be held responsible in order to calculate the base Offense Level under the Sentencing Guidelines.  The United States called five witnesses: Terrance Brown, Charles Banks, Raphael Banks, Jamichael Jenkins, and Officer Darryl Wilson.  Woods was afforded the opportunity to cross-examine each witness and to make arguments with regard to their testimony, including challenges to their credibility.

Once the hearing concluded, Judge DuBose determined that 300 grams of cocaine were attributable to the defendant, not 4.5 kilograms as was presented by the United States. (Sentencing Transcript, p. 38.)  This factual decision produced a  base offense level of 32.  Judge DuBose increased that level to 35 because she found that Woods' role in the offense was that of a supervisor.  (*Id*. at pp. 40-41; U.S.S.G. §3B1.1(b).) The combination of an offense level of 35 and a Criminal History Category of II produced a sentencing range of 188-235 months. (Sentencing Transcript, p. 42.)

Ms. Jones then made a plea for a downward departure from the

sentencing guidelines, which was granted over the objection of the United States. As a result, Mr. Woods was sentenced to separate 140-month terms for both (conspiracy and actual possession) charges, ordered to run concurrently, comprising a considerable downward departure of 48-95 months. (Doc. 388; Sentencing Transcript, p. 47.)

Within the time period for filing a notice of appeal, Woods and his attorney opted instead to file a Notice of Non-Appeal (Doc. 417) on December 28, 2007, in accordance with Local Rule 83.8(b)(1).[2] The paragraph immediately above Woods' signature reads as follows:

> I have been advised by the Court and by my attorney of my right to appeal my conviction and sentence. I have consulted with my attorney, who has explained the advantages and disadvantages of taking an appeal. I have had sufficient time to consider my options and require no further explanation. After consideration, *it is my desire to inform the Court that I do not wish to take an appeal*.

(Doc. 417, p. 1 (emphasis added)) Ms. Jones, for her part, signed beneath a paragraph that states:

> I affirm that, as counsel for Defendant, I have fully advised

---

[2] Woods signed the notice on December 27, 2007, and Ms. Jones signed it a day later, December 28th. (*Id.*; Doc. 417, p. 1) The document was filed on December 28, 2007, and then docketed on May 21, 2008. (Doc. 417.)

> my client of the advantages and disadvantages of an appeal, given the facts and circumstances of this case, its procedural history, and the sentence imposed. I have had sufficient time to consult with my client to determine whether my client's decision is knowing and voluntary. It is my opinion that my client's decision to take no appeal is both knowing and voluntary.

(*Id.*) Consistent with this notice, Woods did not appeal his conviction or sentence.

On December 17, 2008, however, Woods filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 460), along with a supporting brief (Doc 461)[3] which raised only one ground for relief, namely that his Sixth Amendment right to effective assistance of counsel has been denied because: (1) his attorney failed to object to Judge DuBose's determination that the drug quantity relevant for sentencing purposes was 300 grams when the jury had specifically decided that only 5-50 grams where involved; and (2) that his attorney failed to follow his request that she file a direct appeal.

Before he obtained a ruling on the then-pending motion, Woods filed a motion for leave to amend and supplement the original motion on

---

[3] The motion was actually docketed on December 29, 2008, but was placed into the prison mailing system on December 17, 2009.

February 23, 2009 (Doc. 468).  This motion contained new grounds for asserting that Woods' sentence should be vacated.  The new grounds for relief, argued to relate back to the original motion pursuant to Rule 15(c), Federal Rules of Civil Procedure, were that:

(1) Ms. Jones also rendered ineffective assistance because she (a) failed to convince Judge DuBose that her role-in-the-offense finding was erroneous, (b) failed to establish that the evidence presented during the evidentiary hearing was insufficient to establish a drug quantity of 300 grams; (c) failed to establish that the judge's decision as to drug quantity was inappropriate given the finding of the jury; and (d) inappropriately counseled Woods to "involuntarily, unknowingly, and unintelligently waive his right to pursue an appeal;"

(2)  The judge-made decision that Woods was responsible for 300 grams of cocaine base involved in the conspiracy violated his Sixth Amendment right to a jury trial and his Fourteenth Amendment right to due process;

(3)  The evidence was insufficient at sentencing to establish a drug quantity of 300 grams; and

(4)  The two concurrent sentences of 140 months are unconstitutional because they "are based on inaccurate and invalid information and testimony."

On August 10, 2009, the undersigned recommended that Woods' § 2255 petition be denied by virtue of the fact that he had amended his § 2255 by inserting new claims for relief which did not "relate back" to his original motion and that his remaining viable claim, ineffective assistance of counsel, was affirmatively contradicted by the record.  (Doc. 479, p. 27-9.) Woods objected to the undersigned's report and recommendation on September 3, 2009 (Doc. 481), but on September 17, 2009, Judge Dubose adopted that report and recommendation (Doc. 482) and entered a judgment (Doc. 483) denying Woods' § 2255 petition.

Woods has now filed a Notice of Appeal (Doc. 500), interpreted by this Court as a Motion for Certificate of Appealability.[4]  In that document, Woods merely mentions that he "hereby appeals" to the Eleventh Circuit from Judge DuBose's order (Doc. 482) which adopted the undersigned's

---

[4]   The undersigned observes that, in deference to his status as a *pro se* prisoner litigant, Woods' petitions are entitled to a liberal construction.  *Gomez-Diaz v. United States*, 433 F.3d 788, 791 (11th Cir. 2005).

recommendation that Woods' § 2255 petition be denied.  (Doc. 500, p. 1.)

**II.     Discussion.**

   **1.  *Standard of Law***

Woods' motion for a COA is governed initially by 28 U.S.C. § 2253(c)(1)(B), which provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." As recognized by the Eleventh Circuit in *Gonzalez v. Secretary for the Dep't of Corrections*, 366 F.3d 1253, 1264 (2004), "[t]he certificate of appealability is a threshold or gateway requirement which serves to filter out from the appellate process cases in which the possibility of reversal is too unlikely to justify the cost to the system of a full appellate examination."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a motion made under § 2255 has been denied based upon the merits of the underlying constitutional claims, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the

8

district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also id.* at 483-484 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."). In this instance, the undersigned's August 10, 2009, report and recommendation (Doc. 479) fully addressed each issue Woods raised in his § 2255 motion before being adopted as the opinion of this Court by Judge DuBose (Doc. 482) on September 17, 2009, who denied Woods' § 2255 petition as futile. (*Id*. at 1.) After consideration, the undersigned finds that reasonable jurists could *not* debate the propriety of this Court's treatment of Woods' constitutional claims. As a result, the undersigned recommends that Woods' motion be **DENIED**.

### III.   Conclusion.

Viewing the motion for COA through the prism of the standards outlined in § 2253(c)(2) and *Slack* for issuance of a COA, the undersigned

9

finds that reasonable jurists could not debate whether Woods' § 2255 petition should have been resolved differently. Accordingly, it is recommended that Petitioner's Motion for Certificate of Appealability (Doc. 500) be **DENIED**.

    **DONE** this 14th day of December, 2009.

                    s/WILLIAM E. CASSADY
                    **UNITED STATES MAGISTRATE JUDGE**