# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal Action No. 07-00047-KD-C |
| ) | Civil Action No. 08-00737-KD |
| LEON WOODS, ) | |
|     Petitioner. ) | |

## ORDER

This matter is before the Court on Petitioner Leon Woods ("Woods")' Motion for relief from judgment denying his Section 2255 motion to vacate, set aside or correct sentence (Doc. 520). Specifically, Woods seeks, pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, to vacate the Court's September 17, 2009 Order and Judgment (Docs. 482, 483).

On December 17, 2008,[1] Woods filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (Doc. 460) as well as a supporting brief (Doc. 461) raising one ground for relief: that his Sixth Amendment right to effective assistance of counsel was denied because his attorney failed to object to the undersigned's determination that the drug quantity relevant for sentencing purposes was 300 grams when the jury had specifically decided that only 5-50 grams were involved, and because his attorney failed to follow his request to file a direct appeal. See also Doc. 505 at 5. On February 23, 2009, Woods filed a motion for leave to amend and supplement his motion, asserting new grounds for relief including that his attorney rendered ineffective assistance because the attorney 1) failed to prevail on Woods' argument regarding his role-in-the-offense; 2) failed to prevail on Woods' argument regarding drug quantity; 3) failed to prevail on Woods'

---

[1] See Doc. 505 at 5 n.3 regarding filing date.

1

augment that the drug quantity attributed to him was inappropriate given the finding of the jury; and 4) inappropriately counseled Woods to "involuntarily, unknowingly, and unintelligently waive his right to pursue an appeal." Additionally, Woods asserted that "the judge-made decision" – that he was responsible for 300 grams of cocaine base -- violated his Sixth Amendment right to a jury trial and his Fourteenth Amendment right to due process. Further, Woods claimed that the two concurrent sentences of 140 months were unconstitutional because they were "based on inaccurate and invalid information and testimony."

On August 7, 2009, the Magistrate Judge recommended that Woods' Section 2255 petition be denied because he had amended his petition by inserting new claims for relief which did not "relate back" to his original motion and that his remaining viable claim -- ineffective assistance of counsel -- was affirmatively contradicted by the record. (Doc. 479 at 27-29). In so doing, the Magistrate Judge also denied Woods' request for an evidentiary hearing "[b]ecause the meritless nature of Woods' petition is readily apparent to the undersigned without additional expenditure of precious government resources[.]" (Id. at 28-29).[2]

On September 3, 2009, Woods objected to the Report & Recommendation. (Doc. 481).

On September 17, 2009, the undersigned adopted the Magistrate Judge's Report & Recommendation (Doc. 482) and entered a judgment (Doc. 483) denying Woods' motion to amend (Doc. 468) as futile and denying his Section 2255 habeas petition.

On November 25, 2009, Woods filed a Notice of Appeal (Doc. 500) which the Magistrate Judge construed as a Motion for Certificate of Appealability.

---

2 An evidentiary hearing is not required whenever a petitioner asserts a claim of ineffective assistance under Section 2255. See, e.g., Gordan v. United States, 518 F.3d 1291, 1303 (11th Cir. 2008). A district court may deny such relief without a hearing "if the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Long v. United States, 883 F.2d 966, 968 (11th Cir. 1989).

2

On December 14, 2009, the Magistrate Judge issued a Report & Recommendation, recommending that Woods' request for a certificate of appealability be denied. (Doc. 505).

On December 17, 2009, the undersigned adopted the Magistrate Judge's Report & Recommendation and issued an Order and Judgment denying Woods' motion for certificate of appealability. (Docs. 506, 507).

On February 8, 2010, the Eleventh Circuit *sua sponte* dismissed Woods' appeal for lack of jurisdiction stating that "[b]ecause the notice of appeal was not filed within 60 days of that [district court September 17, 2009] order, this Court lacks jurisdiction to review it." (Doc. 511).

On May 28, 2010, Woods filed the present Rule 60(b)(1) motion, requesting that this Court reconsider the September 17, 2009 Order and Judgment (Doc. 520).

As set forth by this Court in U.S. v. Harris, Slip Copy, 2010 WL 2231893 (S.D. Ala. Jun. 2, 2010):

> As a threshold matter, the Court must consider whether it even has jurisdiction to hear the Rule 60(b) motion. [Petitioner] . . . is correct that Rule 60(b)(1) generally affords district courts discretion to relieve a party from a final judgment for reasons of "mistake, inadvertence, surprise or excusable neglect." . . . . But there are stringent limitations on habeas petitioners' ability to rely on Rule 60(b) motions to circumvent statutory restrictions on second or successive § 2254 or § 2255 petitions. Interpreting the Supreme Court's decision in Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), the Eleventh Circuit has explained that "Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." . . .
>
> The critical question is whether [Petitioner's] Rule 60(b) motion is actually a second or successive § 2255 petition in disguise. "If Petitioner's 60(b) motion is not really a second or successive habeas petition, the district court has jurisdiction to consider the merits of the motion." . . . . The law is clear that "a Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) seeks to add a new ground of relief; or (2) attacks the federal court's previous resolution of a claim on the merits." . . . . By contrast, the Rule 60(b) motion is not to be regarded as a successive petition if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Williams, 510

3

F.3d at 1294 (quoting <u>Gonzalez</u>, 545 U.S. at 532) . . .

<u>See</u> <u>also</u> <u>e.g.</u>, <u>United States v. Winston</u>, 2009 WL 3080848, *1 (11th Cir. Sept. 28, 2009) (unpublished); <u>Garner v. United States</u>, 2008 WL 4853359, *1-2 (S.D. Ala. Nov. 7, 2008).

In his motion, Woods requests reconsideration of the September 17, 2009 Order and Judgment due to "a defect in the integrity of the 2255 proceeding[]" by the Court "denying Petitioner his Due Process entitlement to an evidentiary hearing on his claim that counsel misadvised and wrongly manipulated his to sign a Notice of Non-Appeal[] and . . . by wrongfully applying the Rule 15(c) ["relate back"] standard resulting in a preclusion of a merits-based determination of his amended claims." (Doc. 520 at 3-5). In other words, the grounds for Woods' Rule 60(b)(1) motion are that: 1) he was denied due process because his request for an evidentiary hearing was denied; and 2) the Court wrongfully applied Rule 15(c).

Simply because Woods has self-labeled his motion as a "true" Rule 60(b)(1), does not make it so. <u>See</u>, e.g., <u>Williams v. Chatman</u>, 510 F.3d 1290, 1294-1295 (11th Cir. 2007); <u>Saunders v. U.S.</u>, Slip Copy, 2010 WL 2180543, *4 (11th Cir. Jun 2, 2010) (unpublished). Indeed, Woods may not use a Rule 60(b) motion as an attempt to circumvent the statutory restrictions on filing a second or successive § 2255 motion. <u>See</u> 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A). As such, the Court must determine whether his Rule 60(b)(1) motion is valid, or actually is a second or successive Section 2255 habeas petition in disguise.

The relevant portion of FED.R.CIV.P. 60(b) provide as follows:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . **(1) mistake, inadvertence, surprise or excusable neglect** . . . .

FED.R.CIV.P. Rule 60(b)(1) (emphasis added). In his self-styled Rule 60(b)(1) motion, Woods

asserts that he is "attacking defects" the Court "'implanted' in the integrity of the 2255 proceedings." See *supra*. As set forth in Gonzalez, a "nominal" Rule 60(b) motion that "seeks vindication of" or "advances" one or more "claims" should be treated as a successive habeas petition. Gonzalez, 545 U.S. at 531-532. "A motion can ... be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits[] . . . ." Id. at 532.

In the instant motion, Woods simply reasserts claims which have already been resolved by the Court. Notably, Woods' present motion asserts a Rule 15(c) "relate back" claim. However, this claim was raised before the Magistrate Judge as well as in Woods' Objection (Doc. 481) to the Magistrate Judge's August 7, 2009 Report & Recommendation on his Section 2255 petition (Doc. 479), all of which the undersigned considered before adopting. Additionally, as to Woods' due process violation claim (for failure to hold an evidentiary hearing concerning his ineffective assistance claim about his attorney's actions), while he did not present a specific due process argument in support of same in his Section 2255 petition, he did request an evidentiary hearing (Doc. 461 at 6-7) and this request was considered by the Magistrate Judge in the August 7, 2009 Report & Recommendation on his Section 2255 petition, but denied. Likewise, Woods asserted his ineffective assistance argument (relating to his waiver of appeal) in his habeas petition (Doc. 461 at 5-6). Woods also requested in his Objection to same, that the Court "remand this matter for an evidentiary hearing to better develop the record as it relates to Mr. Woods' meritorious, sensitive, and constitutional claims." (Doc. 481 at 5). The foregoing was all considered by the undersigned before adopting the Magistrate Judge's August 7, 2009 Report & Recommendation. In short, while Woods purports to raise a defect in the integrity of the habeas proceedings, his contentions lead inexorably to a merits-based attack on the Court's prior merits rulings concerning his Section 2255

motion (*i.e.*, to reargue two of his habeas claims which have already been considered by this Court). As such, the Court finds that Woods' Rule 60(b)(1) motion – reasserting two claims which have already been addressed and resolved by the Court -- is actually a second or successive Section 2255 motion.

"When a Rule 60(b) motion qualifies as a second or successive habeas petition as defined in *Gonzalez*, it must comply with the requirements for such petitions under the AEDPA." Williams, 510 F.3d at 1294. Under the AEDPA, to file a second or successive § 2255 motion, "the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it." Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). Without such authorization, the court lacks jurisdiction. Id.

Accordingly, it is **ORDERED** that Woods' Rule 60(b)(1) Motion (Doc. 520) is **DENIED** for lack of jurisdiction.

**DONE** and **ORDERED** this the **16th** day of **September 2010.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**