# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| LEON CORNELIUS WOODS, | : | |
| Petitioner, | : | Civil Action No. 08-0737-KD-C |
| v. | : | Criminal No. 07-0047-KD-C |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

This action was referred to the undersigned by the Clerk of Court pursuant to 28 U.S.C. § 636(b)(3),[1] and is now before the undersigned on petitioner Leon Cornelius Woods's motion for leave to appeal *in forma pauperis* (Doc. 532). Based upon a thorough review of this motion and all other pertinent pleadings in this case, it is recommended that Woods's motion for leave to appeal *in forma pauperis* be denied on the basis that it is not taken in good faith and that he be required to pay the filing fee pursuant to 28 U.S.C. § 1915(b).

## BACKGROUND

Petitioner is presently appealing the District Court's September 16, 2010 Order (Doc. 526) denying his Rule 60(b)(1) Motion (Doc. 520) for lack of jurisdiction. (*See* Doc. 527, Petitioner's Notice of Appeal; Doc. 532.) A rundown of this litigation prior to

---

[1] Since this recommendation is made after a referral pursuant to 28 U.S.C. § 636(b)(3), the claimant does not have an opportunity to file objections. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) ("Section 636(b)(3) does not provide a party with ten days to file written objections with the district court."). Accordingly, the Clerk is directed to refer this matter to the District Judge for her consideration without the necessity of a waiting period.

the District Court's denial of petitioner's Rule 60(b)(1) Motion, as summarized by the District Court's September 16, 2010 Order, is helpful for purposes of this recommendation:

> On December 17, 2008, Woods filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (Doc. 460) as well as a supporting brief (Doc. 461) raising one ground for relief: that his Sixth Amendment right to effective assistance of counsel was denied because his attorney failed to object to the [District Court]'s determination that the drug quantity relevant for sentencing purposes was 300 grams when the jury had specifically decided that only 5-50 grams were involved, and because his attorney failed to follow his request to file a direct appeal. See also Doc. 505 at 5. On February 23, 2009, Woods filed a motion for leave to amend and supplement his motion, asserting new grounds for relief including that his attorney rendered ineffective assistance because the attorney 1) failed to prevail on Woods' argument regarding his role-in-the-offense; 2) failed to prevail on Woods' argument regarding drug quantity; 3) failed to prevail on Woods' augment that the drug quantity attributed to him was inappropriate given the finding of the jury; and 4) inappropriately counseled Woods to "involuntarily, unknowingly, and unintelligently waive his right to pursue an appeal." Additionally, Woods asserted that "the judge-made decision" – that he was responsible for 300 grams of cocaine base – violated his Sixth Amendment right to a jury trial and his Fourteenth Amendment right to due process. Further, Woods claimed that the two concurrent sentences of 140 months were unconstitutional because they were "based on inaccurate and invalid information and testimony."
>
> On August 7, 2009, the Magistrate Judge recommended that Woods' Section 2255 petition be denied because he had amended his petition by inserting new claims for relief which did not "relate back" to his original motion and that his remaining viable claim – ineffective assistance of counsel – was affirmatively contradicted by the record. (Doc. 479 at 27-29). In so doing, the Magistrate Judge also denied Woods' request for an evidentiary hearing "[b]ecause the meritless nature of Woods' petition is readily apparent to the undersigned without additional expenditure of precious government resources[.]" (Id. at 28-29).
>
> On September 3, 2009, Woods objected to the Report & Recommendation. (Doc. 481).

On September 17, 2009, the [District Court] adopted the Magistrate Judge's Report & Recommendation (Doc. 482) and entered a judgment (Doc. 483) denying Woods' motion to amend (Doc. 468) as futile and denying his Section 2255 habeas petition.

On November 25, 2009, Woods filed a Notice of Appeal (Doc. 500) which the Magistrate Judge construed as a Motion for Certificate of Appealability.

On December 14, 2009, the Magistrate Judge issued a Report & Recommendation, recommending that Woods' request for a certificate of appealability be denied. (Doc. 505).

On December 17, 2009, the [District Court] adopted the Magistrate Judge's Report & Recommendation and issued an Order and Judgment denying Woods' motion for certificate of appealability. (Docs. 506, 507).

On February 8, 2010, the Eleventh Circuit *sua sponte* dismissed Woods' appeal for lack of jurisdiction stating that "[b]ecause the notice of appeal was not filed within 60 days of that [district court September 17, 2009] order, this Court lacks jurisdiction to review it." (Doc. 511).

On May 28, 2010, Woods filed the [ ] Rule 60(b)(1) motion, requesting that this Court reconsider the September 17, 2009 Order and Judgment (Doc. 520).

(Doc. 526 (footnotes omitted).)

## **DISCUSSION**

A determination whether petitioner's motion to proceed on appeal *in forma pauperis* should be granted is informed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. *See, e.g., Ex parte Chayoon*, No. 6:06-cv-1812-Orl-19JGG, 2007 WL 1099088, *1 (M.D. Fla. Apr. 10, 2007). Section 1915(a) provides, as follows:

(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature

3

of the action, defense or appeal and affiant's belief that the person is entitled to redress.

(2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

(3) *An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith*.

*Id.* (emphasis supplied). Rule 24(a) of the Federal Rules of Appellate Procedure further provides, in relevant part:

(1) **Motion in the District Court.** Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

(B) claims an entitlement to redress; and

(C) states the issues that the party intends to present on appeal.

(2) **Action on the Motion.** If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.

*Id.*

Thus, the test for determining whether an appeal is taken in good faith under Section 1915(a) is whether the litigant seeks appellate review of any issue that is "not frivolous." *Chayoon*, 2007 WL 1099088, at *1 (quoting *Coppedge v. United States*, 369 U.S. 438, 445 (1962)); *see also Parsell v. United States,* 218 F.2d 232, 235 (5th Cir.

4

1955) ("an appeal in forma pauperis should not, indeed may not, be allowed where it is plainly without merit").[2] "[A]n appellant's good faith subjective motivation for appealing is not relevant, but rather [the appropriate inquiry is] whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal." *Kirklewski v. Hamilton*, No. 3:07cv193, 2008 WL 906011, *1 (S.D. Ohio Mar. 3, 2008); *see also Coppedge*, 369 U.S. at 445.

This Court has thoroughly addressed Woods's claims of ineffective assistance of counsel and found them to be without merit. Having thoroughly addressed the pertinent issues, the undersigned cannot now find, objectively speaking, that there is any non-frivolous issue to be litigated on appeal. In particular, the undersigned has read *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), and does not find that it transforms any of petitioner's claims of ineffective assistance of counsel into a non-frivolous issue to be litigated on appeal.

Moreover, in its order denying Woods's Rule 60(b)(1) Motion, the District Court noted that in that motion—now on appeal—"Woods simply reasserts claims which have already been resolved by the Court," and which were "all considered by the undersigned before adopting the Magistrate Judge's August 7, 2009 Report & Recommendation." (Doc. 526, p. 5.)

> In short, while Woods purports to raise a defect in the integrity of the habeas proceedings, his contentions lead inexorably to a merits-based

---

[2] The Eleventh Circuit, in *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981. *See id.* at 1209.

> attack on the Court's prior merits rulings concerning his Section 2255 motion (i.e., to reargue two of his habeas claims which have already been considered by this Court). As such, the Court finds that Woods' Rule 60(b)(1) motion – reasserting two claims which have already been addressed and resolved by the Court – is actually a second or successive Section 2255 motion.

(*Id.*, pp. 5-6.)

Appeal of an unsuccessful attempt to circumvent procedural limitations on successive Section 2255 motions ***is frivolous***, justifying denial of leave to proceed *in forma pauperis* on that appeal. *See Cox v. Smith*, No. 08-1266, 2009 WL 5215605, at *2 (C.D. Ill. Dec. 29, 2009) ("His petition was therefore dismissed for lack of jurisdiction as a frivolous attempt to circumvent the procedural limitations on successive § 2255 motions, and appeal on the merits would also be frivolous. Leave to proceed in forma pauperis on appeal has previously been denied, and the Court sees no reason to burden either the Government or the Court of Appeals with a frivolous appeal."); *cf. United States v. Larsen*, 380 Fed. Appx. 789, 791 (10th Cir. 2010) (after denying "request for permission to file a second or successive § 2255 petition," court addressed contemporaneously filed motions to proceed *in forma pauperis* on appeal—"In order to proceed *ifp* on appeal, a prisoner must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. Larsen and Blake have not made the latter showing and we therefore DENY their motions to proceed *ifp*." (internal citation and quotation marks omitted)); *Entrup v. City of Central, Colo.*, 173 F.3d 863, 1999 WL 157407, at *2 (10th Cir. Mar. 23, 1999) (where the only error raised on appeal "relates to

an issue that was conclusively decided against him in an earlier appeal," court concluded "that plaintiff's appeal [was] frivolous," and denied motion to proceed *in forma pauperis* on appeal); *Miskovsky v. Jones*, No. CIV-08-0123-HE, 2010 WL 3056655, at *1 (W.D. Okla. July 30, 2010) ("To the extent plaintiff asserts claims which were previously resolved by the court, those claims are frivolous or malicious within the meaning of §§ 1915A(b) and 1915(e)(2)(B) and will be dismissed.").

## **CONCLUSION**

Accordingly, the Magistrate Judge recommends that the District Judge deny the petitioner's motion to proceed *in forma pauperis* on appeal (Doc. 532) and certify in writing, pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24(a)(3)(A), that the appeal is not taken in good faith.

**DONE** this the 19th day of November, 2010.

                                        s/ WILLIAM E. CASSADY
                                        **UNITED STATES MAGISTRATE JUDGE**